UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID SNYDER AND PATTI SNYDER** | : CIVIL ACTION NO. 2:23-cv-00360 |
| **VERSUS** | : JUDGE JAY C. ZAINEY |
| **PROGRESSIVE PROPERTY INSURANCE COMPANY** | : MAGISTRATE JUDGE MICHAEL NORTH |

## AMENDED COMPLAINT FOR DAMAGES

**NOW INTO COURT**, come Plaintiffs, David Snyder and Patti Snyder, who respectfully submit this Amended Complaint for Damages against Defendant, Progressive Property Insurance Company, and further respectfully aver as follows:

### PARTIES

**1.**

Plaintiffs, David Snyder and Patti Snyder (hereinafter "Plaintiffs"), are domiciled in LaPlace, Louisiana.

**2.**

Defendant, Progressive Property Insurance Company (hereinafter "Defendant"), is a foreign insurance company incorporated and domiciled in the State of Florida with its principal place of business in St. Petersburg, Florida, which can be served through its agent for service of process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

1.

## JURISDICTION AND VENUE

**3.**

This Court has subject matter jurisdiction under 28 U.S.C.A. § 1332(a), because the matter in controversy exceeds $75,000.00, and the case is between citizens of different states. Plaintiffs, David Snyder and Patti Snyder, are citizens of Louisiana. Defendant, Progressive Property Insurance Company, is a foreign insurance company incorporated and domiciled in the State of Florida with its principal place of business in St. Petersburg, Florida. The unpaid losses due under Defendant's insurance policy exceed $75,000.00, and Plaintiffs also seek penalties, attorney's fees, costs, and expenses in addition to those unpaid losses pursuant to La. Rev. Stat. Ann. § 22:1892 and La. Rev. Stat. Ann. § 22:1973.

**4.**

Venue is proper in this District and Division under 28 U.S.C.A. §1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claim occurred in this District, and a substantial part of the property that is the subject of this action is situated in this District and Division.

## FACTUAL BACKGROUND

**5.**

At the time of Hurricane Ida, and through the present, the Plaintiffs were and still are the owners of the property located at 211 Remy Drive, LaPlace, LA 70068 ("Residence").

**6.**

At all times relevant hereto, Defendant provided Plaintiffs with a policy of insurance, bearing the policy number LAL142346 (hereinafter "Policy"), covering the Residence against loss and damage caused by, among other perils, wind, hail, and water.

**7.**

The policy was in full force and effect at the time of the covered loss events that are the subject of this instant lawsuit.

**8.**

On the morning of August 29, 2021, Hurricane Ida made landfall near Port Fourchon, Louisiana, as a Category four hurricane with maximum sustained winds of 145 miles per hour.

**9.**

After making landfall, Hurricane Ida traveled northwest towards Houma, Louisiana, and then north where it slowly weakened for the remainder of the afternoon and evening, by the time the eye crossed I-10 near Reserve & LaPlace, Louisiana, it was a category three hurricane with maximum sustained winds of 115 mph.

**10.**

The damage from wind and storm surge was catastrophic over Southeast Louisiana, especially over Terrebonne and Lafourche Parishes. Major wind impacts occurred over the remainder of Southeast Louisiana into Southern Mississippi.

**11.**

Hurricane Ida caused extensive damage to the Residence.

**12.**

In compliance with the policy, Plaintiffs timely provided notice of the loss events to the Defendant and took reasonable steps to mitigate the damage caused by the loss events as soon as reasonably possible.

**13.**

Upon notification of the loss events, Defendant performed an initial inspection of the loss and damage to the Residence.

**14.**

Plaintiffs, in compliance with the terms of the Policy, cooperated with Defendant and its consultants and made the Residence available for inspection at all times. Defendant, directly and/or through its loss consultants and adjusters, had ample opportunity to investigate and inspect the damage to the Residence.

**15.**

However, Defendant failed to include damages to the Residence that were obvious at the time of the inspection and caused by Hurricane Ida, as well as underestimated the costs of damages included in its adjustment.

**16.**

The payments made to date to the Plaintiffs for damages caused by Hurricane Ida are woefully inadequate to cover the costs to repair the Residence and other structures despite the fact that the damages were clearly visible to the adjuster retained and/or employed by Defendant at the time of the adjuster's inspection.

**17.**

Defendant failed to pay the amount due to Plaintiffs in connection with the subject claims within thirty (30) days after receipt of satisfactory proof of loss and also failed to make a written offer to properly settle Plaintiffs' property damage claims within thirty (30) days after receipt of satisfactory proof of loss of the claims.

**18.**

Defendant has been in possession of sufficient documentation to fully apprise itself of the actual loss and damage to the Residence as a result of Hurricane Ida, but Defendant has failed to pay Plaintiffs the actual amount of the loss due under the policy despite having satisfactory proof of loss for more than 60 days.

**19.**

Defendant breached its affirmative duties under La. Rev. Stat. Ann. § 22:1892 and § 22:1973 as a result of its failure to timely and reasonably adjust the subject losses.

**20.**

Despite Defendant's ongoing breaches and failure to timely pay the loss amounts due under the Policy, Plaintiffs have continued to work with Defendant and its consultants to ensure compliance with Plaintiffs' duties under the policy.

**21.**

Defendant's failure to timely pay benefits owed under the Policy has placed the Residence at risk.

**22.**

Additionally, because Defendant provided insufficient funds to complete repairs; the Plaintiffs have endured significant mental anguish, aggravation, and inconvenience.

**23.**

Defendant has unjustifiably failed and/or refused to perform its obligations under the Policy by wrongfully and unfairly limiting payment on the Plaintiffs' claims.

**24.**

As a result of Defendant's bad faith conduct in connection with its adjustment of these claims, Plaintiffs have incurred professional expenses, including expert and/or attorney's fees, to determine that Defendant wrongfully failed to timely pay adequate amounts owed under the Policy in connection with Plaintiffs' claims.

**25.**

Defendant's acts and omissions in failing to pay Plaintiffs the actual amounts owed under the Policy within sixty (60) days of receiving satisfactory proof of loss is arbitrary, capricious, and without probable cause, and Defendant is in breach of its affirmative duties of good faith and fair dealing.

**26.**

As a result of Defendant's failures and delays to timely adjust and pay the loss amounts due under the Policy in response to the damage caused by Hurricane Ida, Plaintiffs have and/or will continue to sustain additional loss and damage and will continue to incur additional costs and expense at increased prices in connection with the completion of the repairs.

## CAUSES OF ACTION

**A. The Insurance policy**

**27.**

Defendant owed the Plaintiffs a duty of good faith and fair dealing, and a duty to pay losses within thirty (30) and sixty (60) days of proof of loss under La. Rev. Stat. Ann. §22:1892 and La. Rev. Stat. Ann. §22:1973.

**28.**

The actual damages to the Residence and other structures greatly exceed the amounts estimated and paid by Defendant.

**29.**

Under the language of their policy, Plaintiffs are entitled to recover from Defendant for the additional sums needed to make full repairs to the Residence in accordance with the insurance coverages Plaintiffs purchased from Defendant.

**30.**

Plaintiffs are also entitled to recover for the unpaid and/or underpaid losses and damages they sustained to the personal property of the Residence, for debris removal, and for additional living expenses in accordance with the insurance coverages Plaintiffs purchased from Defendant.

**31.**

Defendant breached its duty of good faith, causing actual damages, and breached its duties to timely pay damages owed under the Policy.

**B.     Penalties And Attorney's Fees**

**32.**

Pursuant to Louisiana Revised Statute §22:1892, Defendant was required to unconditionally tender payment to Plaintiffs for reasonably undisputed losses caused by Hurricane Ida within thirty (30) days of Defendant's receipt of satisfactory proof of loss when its adjusters inspected the Residence. Defendant failed to do so.

**33.**

La. Rev. Stat. Ann. §22:1892 further required Defendant to re-evaluate Plaintiffs' claims and to tender additional unconditional payments to Plaintiffs each time Defendant received additional information concerning the losses sustained by Plaintiffs. Defendant failed to do so.

**34.**

Defendant's failure to pay adequate amounts timely in this matter was arbitrary, capricious, and without probable cause.

**35.**

Pursuant to La. Rev. Stat. Ann. §22:1892, Defendant is liable to Plaintiffs for a penalty of 50%, in addition to the amount of the loss, on the amount due from Defendant, as well as reasonable attorney's fees and costs for Defendant's failure to unconditionally tender the amounts owed to Plaintiffs within thirty (30) days after receipt of satisfactory proof of loss.

**36.**

Pursuant to La. Rev. Stat. Ann. §22:1973, Defendant is additionally liable to Plaintiffs for actual damages, including but not limited to mental anguish, aggravation, and inconvenience for Defendant's misrepresentations of pertinent facts concerning the amounts owed, its coverages, and its provisions under the Policy, as well as for failing to unconditionally tender the amounts owed to Plaintiffs within sixty (60) days after receipt of satisfactory proof of loss was arbitrary, capricious, and without probable cause.

## **DAMAGES**

**37.**

As a result of the actions of Defendant, Plaintiffs have suffered the following nonexclusive list of past, present, and future damages, in amounts reasonable in the premises:

     a.    Damage to the building and other structures located at the Residence;

     b.    Mitigation, remediation, and repair costs;

     c.    Diminution in value;

     d.    Lost and/or damaged contents and personal property;

     e.    Loss and damage due to delays and / or inability to make appropriate repairs as a result of inadequate insurance payments;

     f.    Mental anguish, consequential damages, and all other applicable damages covered under any of the applicable coverages afforded under the Policy's sub-coverage limits, including but not limited to demolition, debris removal, increased cost of construction;

     g.    Attorney's fees and costs of these proceedings, and all other costs incurred prior to this litigation as a result of Defendant's breaches of its contractual and legal duties and obligations, including the failure to timely pay sums owed under the Policy; and

     h.    Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiffs, David Snyder and Patti Snyder, respectfully pray there be a judgment rendered herein in Plaintiffs' favor and against Defendant, Progressive Property Insurance Company, for the full amounts due under the terms of the coverages provided by Defendant's insurance Policy, for actual damages, penalties, attorney's fees, costs, and expenses, and for such other damages as would reasonably and justly compensate Plaintiffs in accordance with the rules of law, plus interest to the fullest extent allowed by law, all court costs, and for any and all other general and equitable relief that may be appropriate in the premises.

** SIGNATURE ON NEXT PAGE **

|  |  |
|---|---|
| | Respectfully submitted, |
| | **PANDIT LAW FIRM, LLC** |
| **Date:** <u>February 1, 2023</u> | **BY:**   /s/*Jennifer L. Crose*<br>**RAJAN PANDIT**, Bar No. 32215<br>**JENNIFER L. CROSE**, Bar No. 32116<br>**JOHN E. CARR**, Bar No. 36999<br>**KEITH FREY**, Bar No. 22375<br>701 Poydras Street, Suite 3950<br>New Orleans, LA 70139<br>Telephone:    (504) 313-3800<br>Facsimile:     (504) 313-3820<br>Email:           rpandit@panditlaw.com<br>                      jcrose@panditlaw.com<br>                      jcarr@panditlaw.com<br>                      kfrey@panditlaw.com |
| | and |
| | **ROBICHAUX, MIZE, WADSACK,<br>RICHARDSON & WATSON, LLC**<br>**MATTHEW M. MIZE**, Bar No. 33993<br>**TRISTAN G. GRUSPIER**, Bar No. 39900<br>**CHRISTINA M. SOILEAU**, Bar No. 30734<br>1777 Ryan Street (70601)<br>P. O. Box 2065<br>Lake Charles, LA 70602<br>Telephone:    (337) 433-0234<br>Fax:               (337) 433-8595<br>Email:            mmm@rmwlegal.com<br>                       tgg@rmwlegal.com<br>                       cms@rmwlegal.com |
| | *Counsel for  Plaintiffs* |

**PLEASE SERVE:**

 Progressive Property Insurance Company
*Through its agent for Service of Process*:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809